This court, for that error, reversed the judgment; and, “ próceeding to give such judgment as the district court ought to have given, directed all the proceedings, subsequent to the writ, to be set aside ; and the cause to be sent to the superior court of law directed to be held in Spottsylvania county, to be by that court sent to the rules, to be proceeded in from the wrfi.(1)

 Note. In Smith v. Walker, 1 Wash. 135. Hord’s Executrix v. Dishman, 2 H. & M. 603. Braxton’s Administratrix v. Hilyard, ante, p. 49. Braxton’s Administratrix v. Lipscomb, ante, p. 282. Buckner & Wife v. Blair, ante, p. 336. Green v. Dulany, ante, p. 518. and other eases, in which the defendants pleaded to the'action, and the declaration was radically defective, the court of appeals reversed the judgments in toto, and entered judgments for the defendants j the writ, in such cases, being no part of the record, except for the purpose of amending by it unimportant defects in the declaration.
See, also, Payne & Fairfax v. Grim, ante. It was, therefore, considered, that, since there was nothing in the record “ upon which to erect future pleadings,” (Smith v. Walker, 1 Wash. 136.) the judgment; must be reversed in toto. But, in this case, the writ roas an essential part of the records because, without it, the judgment, by default, in the clerk’s ofpce, could not be supported. It followed, then, the writ being correct, and a good foundation upon which to erect future pleadings,” that nothing need be set aside but the erroneous declaration and judgment: and farther proceedings were permitted from the writ. See Glascock v. Dawson, 1 Munf. 609. where, in like manner, the writ of feri facias was considered part of the record of a judgment, by default, on a forthcoming bond.
This court, in Shelton v. Pollock, 1 H. & M. 426. appears to have gone farther than in any other case,- reversing, in toto, an office judgment, on the ground of a defect in the declaration ; probably the authority of Smith v. Walker, 1 Wash. 135. was relied upon, without adverting to the distinction above mentioned.